IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| EARL DANIEL COOPER, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:09-CV-141 |
| | § | |
| RICK THALER, | § | |
| Director, Texas Dep't of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## REPORT AND RECOMMENDATION TO
## DENY IN PART PETITION FOR WRIT OF HABEAS CORPUS

Petitioner EARL DANIEL COOPER has filed with this Court a Petition for a Writ of Habeas Corpus by a Person in State Custody challenging his conviction out of the 108th District Court of Potter County, Texas for the offense of possessing or obtaining a controlled substance by fraud and the resulting fifteen-year sentence. For the reasons set forth below, it is the opinion of the undersigned United States Magistrate Judge that petitioner's federal habeas corpus petition should be DENIED IN PART. There are issues the Court can not yet reach because it does not have before it a sufficient state court record. On this day, the Court has also issued an Order directing respondent to file all state records with this Court. Once those records are received and reviewed, or once it receives clarification from respondent about the existence of such records, the Court will issue a Report and Recommendation on the remaining issues, or set the matter for hearing, if appropriate.
HAB54\R&R\Cooper-141.deny in part 1: 3 
 page 1 of 9

# I.
# FACTUAL AND PROCEDURAL BACKGROUND

According to exhibits petitioner attaches to his habeas corpus petition, in November 2007 petitioner submitted to a pharmacy a prescription written by his doctor for hydrocodone pills. (*Brief in Support Pursuant to 28 U.S.C. 2254*, doc. #2, filed June 19, 2009 [hereinafter *Brief in Support*], Exhibits, "Complaint," pg. 34). The directions indicated petitioner should take the pills three times a day for two days (for a total of six pills), but the quantity indicated on the prescription was for forty pills. Not only did the quantity not match the directions for taking the pills, but it appeared someone had photocopied the prescription, marked out the quantity number, and written "40" over the quantity section. (*Id.*, pgs. 35-37). The pharmacist told petitioner the prescription appeared suspicious, and the pharmacy would not fill the prescription or give it back to petitioner until the pharmacist had spoken with the doctor who wrote it. (*Id.*, pg. 35). Petitioner left the pharmacy and did not return. (*Id.*). After the doctor verified with the pharmacist the prescription had been altered from originally only for six pills instead of forty pills, the pharmacist contacted the police. (*Id.*).

The indictment against petitioner contained two enhancement paragraphs, one based on a conviction for forgery out of Oklahoma County, Oklahoma and one based on a conviction for knowingly concealing stolen property out of Tulsa County, Texas.[1] (Record Created Upon State Habeas Corpus Application, # WR-71,548-01, Event Date Feb. 18, 2009 [hereinafter SHCR], pg. 18). Petitioner pled guilty to the offense and true to both enhancement paragraphs in November of 2008. (*Id.*, pgs. 33-34). The trial court sentenced defendant to serve fifteen years' incarceration. (*Id.*). Defendant did not directly appeal the judgment. In January 2009, petitioner filed his state

---

[1] The Court notes there is no Tulsa County, Texas and assumes the indictment was intended to read Tulsa County, Oklahoma. This enhancement paragraph was later waived by the State.

habeas corpus application. That application was denied without written order in March 2009, and the instant federal habeas corpus petition followed.

II.
PETITIONER'S ALLEGATIONS

In his federal application, petitioner appears to contend the State of Texas is holding him in violation of the Constitution and laws of the United States for the following reasons:

1. The sentence exceeded the maximum punishment allowed by law.

2. Petitioner never actually possessed a controlled substance, but only attempted to possess a controlled substance.

3. The trial court erred by not ordering a psychiatric examination, which would have established petitioner was mentally impaired prior to and during the offense.

4. Petitioner received ineffective assistance of counsel because his attorney coerced him into pleading guilty.[2]

Because further development of the record is necessary, the Court reserves determination and discussion of the third and fourth issues for a future Report and Recommendation.

III.
STANDARD OF REVIEW

Petitioner may not obtain habeas corpus relief in this Court with respect to any claim adjudicated on the merits in the state court proceedings unless the adjudication of the claim resulted in a decision contrary to clearly established federal constitutional law or resulted in a decision based

---

[2] In the answer to the petition, respondent interpreted petitioner's brief in support of his habeas corpus petition as raising several more issues in addition to these four. These additional issues, respondent contended, were not exhausted. Review of the state habeas corpus application confirms petitioner only raised the four main issues listed above, and any other issues are not exhausted. *See* 28 U.S.C. § 2244(b), (c). Petitioner clarifies in his response to the answer, however, that he only intended to raise the same four grounds raised in the state pleadings, and the statements interpreted by respondent as additional issues are only part of his elaboration of each claim. (*Petitioner's Response Pleading to Resondents [sic] Quarterman's [sic] Answer with Brief in Support*, doc. # 21, filed Oct. 8, 2009 [hereinafter *Brief in Response*], pgs. 4-5). Accordingly, the Court will only address these four issues and will not discuss any issues potentially raised by petitioner's elaboration of the four main issues.

on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings. 28 U.S.C. § 2254(d). All factual determinations made by a state court are presumed to be correct; petitioner can rebut such presumption only by clear and convincing evidence. *Id.* § 2254(e). When the Texas Court of Criminal Appeals denies relief in a state habeas corpus application without written order, it is an adjudication on the merits, and is therefore entitled to the presumption of correctness. *Id.*; *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997).

Here, the state court heard and adjudicated, on the merits, the four claims petitioner presents in his federal habeas corpus petition. More specifically, the Texas Court of Criminals Appeals denied petitioner's application for state habeas relief without a written order. *In re Cooper*, WR-710,548-01; *Barrientes v. Johnson*, 221 F.3d 741, 780 (5th Cir. 2000); *Torres*, 943 S.W.2d at 472. Petitioner's burden before this Court is significantly heightened in that petitioner cannot prevail even if he shows the state court's determination was incorrect. Petitioner must also show the state court unreasonably applied federal law or made an unreasonable determination of the facts. *Neal v. Puckett*, 286 F.3d 230, 235 (5th Cir. 2002), *cert. denied, Neal v. Epps*, 537 U.S. 1104, 123 S.Ct. 963, 154 L.Ed.2d 772 (2003).

Petitioner has failed to meet this burden regarding his first and second points of error. Rather than explaining why the state court's determination was unreasonable, petitioner merely restates the grounds he presented to the state court. He has not established the state court unreasonably applied federal law or made an unreasonable determination of the facts. *See id.* As detailed below, had petitioner correctly claimed unreasonableness by the state court, there is nothing in the record or petitioner's arguments to support such a contention. A review of petitioner's first and second claims confirms this petition should be denied in part.

## IV.
## MERITS OF PETITIONER'S CLAIMS

*A. Sentence*

In his first ground of error, petitioner complains the sentence exceeded the maximum punishment allowed by law. Petitioner pled guilty to possessing or obtaining a controlled substance by fraud in violation of the Texas Health and Safety Code section 481.129(a)(5)(A). That section establishes,

> (a) A person commits an offense if the person knowingly:
>
> . . .
>
> > (5) possesses, obtains, or attempts to possess or obtain a controlled substance or an increased quantity of a controlled substance:
> >
> > > (A) by misrepresentation, fraud, forgery, deception, or subterfuge.
>
> . . .
>
> (d) An offense under Subsection (a) is:
>
> > (1) a felony of the third degree if the controlled substance that is the subject of the offense is listed in Schedule III or IV.

*Id.* (Vernon 2010).

Under section 481.104(a)(4) of the Texas Health and Safety Code, if the controlled substance involved is not more than 300 milligrams of hydrocodone, it is classified as a schedule III, or group 3, drug. If the controlled substance involved is "[h]ydrocodone not listed in Penalty Group 3," it is classified as a group 1 drug. *Id.* § 481.102(3)(A). Lastly, if it is shown "on the trial of a third-degree felony that the defendant has been once before convicted of a felony, on conviction he shall be punished for a second-degree felony." Tex. Pen. Code Ann. § 12.42(a)(3) (Vernon 2003). A second-degree felony carries a sentence range of two to twenty years. *Id.*, § 12.33.

The indictment indicated the controlled substance in petitioner's case was in "SCH III OR IV." (SHCR, pg. 18). The offense was, therefore, a third-degree felony. Tex. Health & Safety Code Ann. § 481.129(d). Petitioner, however, pled true to enhancement paragraph one of the indictment,[3] which indicated he was previously convicted of the felony offense of forgery. (SHCR, pg. 18). With one prior felony conviction, petitioner became classified as a repeat offender, and the range of punishment was increased from that applicable for a third-degree felony to punishment applicable for a second-degree felony. *See* Tex. Penal Code Ann. § 12.42(a). As a repeat offender with one prior felony, the range of imprisonment petitioner then faced was two to twenty years. *Id.* § 12.42(a)(3). Petitioner only received fifteen years' confinement upon his guilty plea, which was within the statutory guidelines. Contrary to petitioner's contention, the sentence did not exceed the maximum punishment allowed by law.

Petitioner contends the offense was classified as a class B misdemeanor. (*Brief in Support*, pg. 9). Section 481.129(g) of the Texas Health and Safety Code, the general section petitioner pled guilty to violating, establishes there is only one way an offense under that section is classified as a Class B misdemeanor: "An offense under Subsection (c)(2) is . . . a Class B misdemeanor if the defendant possesses a prescription for a controlled substance listed in Schedule IV or V." The indictment to which petitioner pled guilty indicated he had violated § 481.129(a)(5)(A) of the Texas Health and Safety Code, not section 481.129(c)(2) of that section.[4] As discussed above, section 481.129(d) expressly classifies any violation section 481.129(a) as a third-degree felony.

---

[3] The indictment contained two enhancement paragraphs. (SHCR, pg. 18). The State, however, waived the second enhancement paragraph. *See* SHCR, pg. 26; *compare* SHCR, pg. 18, and, SHCR, pg. 33.

[4] Subsection (c)(2) of section 481.129 only applies to someone who merely possesses the prescription for a controlled substance. The exhibits attached to petitioner's *Brief in Support* indicate, however, petitioner did more than merely possess a prescription. He altered a prescription and then gave it to a pharmacist in an attempt to obtain a greatly increased amount of a controlled substance. This action clearly falls outside the limited scope of § 481.129(c)(2) and into the much more serious provision of § 481.129(a)(5)(A).

Petitioner's statement that the offense to which he pled guilty was a Class B misdemeanor is factually incorrect.

In making his argument, petitioner cites to section 12.41(2) of the Texas Penal Code. (*Brief in Support*, pg. 9). That section states: "For purposes of this subchapter, any conviction not obtained from a prosecution under this code shall be classified as follows: . . . 'Class B misdemeanor' if the offense is not a felony and confinement in a jail is affixed to the offense as a possible punishment." This section is clearly inapplicable to the instant case because the offense *was* a felony. *See* Tex. Health & Safety Code § 481.129(a)(5)(A), (d).

Petitioner received fifteen years for a conviction that, under the statute, warranted two to twenty years. His claim that his sentence exceeded the maximum punishment allowed by law is incorrect. This claim is without merit and should be denied.

### B. Attempted Possession

In his second point of error, petitioner contends he never actually possessed a controlled substance, but only attempted to possess such a substance. Petitioner pled guilty to violating section 481.129(a)(5)(A) of the Health and Safety Code. As set forth above, that section states "A person commits an offense if the person knowingly: . . . possesses, obtains, or ***attempts to possess or obtain*** a controlled substance or an increased quantity of a controlled substance by misrepresentation, fraud, forgery, deception, or subterfuge." Tex. Health & Safety Code Ann. § 481.129(a)(5)(A) (emphasis added). Petitioner's contention the State should have charged him with "criminal attempt" is without merit for two main reasons. First, he pled guilty to violating section 481.129(a)(5)(A) of the Texas Health and Safety Code. By pleading guilty, petitioner waived any argument regarding which statute he was charged with violating. *See Evans v. Britton*, 639 F.2d 221, 223 (5th Cir. 1981). Second, the statute petitioner pled guilty to violating included the offense

of *attempting* to possess a controlled substance. Petitioner's second ground of error is without merit and should be denied.

### C. Remaining Claims

Because this is a case in which petitioner pled guilty, the only cognizable claims before this Court is whether the plea was voluntarily made. *See Hill v. Lockhart*, 474 U.S. 52, 56 106 S.Ct. 366, 369, 88 L.Ed.2d 203 (1985). In his third and fourth points of error, petitioner raises claims which, if true, would implicate the voluntariness of his guilty plea. It does not appear, however, that respondent filed a complete copy of all of the state court records. In fact, the only records this Court received were the records created upon the state habeas corpus proceedings and records from the intermediate state appellate court concerning a mandamus action not challenged by petitioner. Those records contain the indictment, written plea admonishments and waivers signed by petitioner, judgment, docket sheet, and affidavit of petitioner's trial attorney. Before making a determination on petitioner's third and fourth points of error, all records created by the state courts in conjunction with the underlying criminal case should be produced for review. The Court therefore withholds discussion of the third and fourth points of error pending supplementation of the state court records by respondent.

### V.
### RECOMMENDATION

In his first and second points of error, petitioner has failed to present any meritorious claim warranting federal habeas corpus relief. Therefore, it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the first and second points of the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner EARL DANIEL COOPER be DENIED. The undersigned will issue another Report and Recommendation

regarding the third and fourth claims after receiving a copy of all state court records.

VI.
INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 28th day of September, 2010.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

**\* NOTICE OF RIGHT TO OBJECT \***

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).