IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| EARL DANIEL COOPER, | § |
| Petitioner, | § |
| v. | § 2:09-CV-141 |
| RICK THALER,<br>Director, Texas Dep't of Criminal Justice,<br>Correctional Institutions Division, | § |
| Respondent. | § |

## SUPPLEMENTAL REPORT AND RECOMMENDATION TO DENY PETITION FOR WRIT OF HABEAS CORPUS

Petitioner EARL DANIEL COOPER has filed with this Court a Petition for a Writ of Habeas Corpus by a Person in State Custody challenging his conviction out of the 108th District Court of Potter County, Texas for the offense of possessing or obtaining a controlled substance by fraud and the resulting fifteen-year sentence. By his petition, Cooper raises four points of error. On September 28, 2010, the undersigned issued a Report and Recommendation to deny the first and second points of the petition. The District Judge has adopted that Report and Recommendation.

At the time of the first Report and Recommendation, the Court ordered respondent to supplement the state court records, as the records filed with the Court were incomplete. Respondent has supplemented the state court records and filed a supplemental answer. Petitioner has filed his reply to the supplemental answer. For the reasons set forth below, it is the opinion of the undersigned United States Magistrate Judge that the remainder of petitioner's federal habeas corpus petition, points of error three and four, should be DENIED.

## I.
## FACTUAL AND PROCEDURAL BACKGROUND

A more detailed statement of the factual background of this case is set forth in this Court's September 28, 2010 Report and Recommendation, but the basic facts of the case are these. Petitioner tampered with a written prescription for hydrocodone by marking through the amount of pills ordered by the doctor, which was six pills, and changing the quantity to forty pills. (Clerk's Record [hereinafter CR], pgs. 4, 6; *Brief in Support Pursuant to 28 U.S.C. 2254*, doc. #2, filed June 19, 2009 [hereinafter *Brief in Support*], Exhibits, "Complaint," pgs. 34, 35-37). The pharmacy noted the prescription looked suspect, refused to fill it, and contacted the police. Petitioner pled guilty to the offense of possessing or obtaining a controlled substance by fraudulent means and pled true to the enhancement paragraph. (Reporter's Record [hereinafter RR], pg. 8; CR, pg. 49). The trial court sentenced defendant to serve fifteen years' incarceration. (CR, pg. 52). Defendant did not directly appeal the judgment. In January 2009, petitioner filed his state habeas corpus application. That application was denied without written order in March 2009, and the instant federal habeas corpus petition followed.

## II.
## PETITIONER'S REMAINING ALLEGATIONS

Petitioner Cooper presented four points of error. The first two points of error have already been decided. The remaining points of error (points three and four of the petition) are that the State of Texas is holding petitioner in violation of the Constitution and laws of the United States because:

1. The trial court erred by not ordering a psychiatric examination, which would have established petitioner was mentally impaired prior to and during the offense.

2. Petitioner received ineffective assistance of counsel because his attorney coerced him into pleading guilty.

## III.
## STANDARD OF REVIEW

Petitioner may not obtain habeas corpus relief in this Court with respect to any claim adjudicated on the merits in the state court proceedings unless the adjudication of the claim resulted in a decision contrary to clearly established federal constitutional law or resulted in a decision based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings. 28 U.S.C. § 2254(d). All factual determinations made by a state court are presumed to be correct; petitioner can rebut such presumption only by clear and convincing evidence. *Id.* § 2254(e). When the Texas Court of Criminal Appeals denies relief in a state habeas corpus application without written order, it is an adjudication on the merits, and is therefore entitled to the presumption of correctness. *Id.*; *Harrington v. Richter*, No. 09-587, slip op. at 10 (2011); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997).

Here, the state court heard and adjudicated, on the merits, some of the claims petitioner presents in his federal habeas corpus petition. More specifically, the Texas Court of Criminals Appeals denied petitioner's application for state habeas relief without a written order. *In re Cooper*, WR-710,548-01; *see Harrington* at 10; *Barrientes v. Johnson*, 221 F.3d 741, 780 (5th Cir. 2000); *Torres*, 943 S.W.2d at 472. Petitioner's burden before this Court is significantly heightened in that petitioner cannot prevail even if he shows the state court's determination was incorrect. Petitioner must also show the state court unreasonably applied federal law or made an unreasonable determination of the facts. *Neal v. Puckett*, 286 F.3d 230, 235 (5th Cir. 2002), *cert. denied, Neal v. Epps*, 537 U.S. 1104, 123 S.Ct. 963, 154 L.Ed.2d 772 (2003).

Petitioner has failed to meet this burden regarding his third and fourth points of error. Rather than explaining why the state court's determination was unreasonable, petitioner merely restates the

grounds he presented to the state court. He has not established the state court unreasonably applied federal law or made an unreasonable determination of the facts. *See id.* As detailed below, even had petitioner correctly claimed unreasonableness by the state court, there is nothing in the record or petitioner's arguments to support such a contention. A review of petitioner's third and fourth claims confirms this petition should be denied.

IV.
THE MERITS OF PETITIONER'S ALLEGATIONS

*A. Order to Evaluate Mental Competency*

In his third point of error, petitioner contends the trial court "should have ordered a psychiatric examination that would have determined whether the Appellant was mentally impaired prior to and during the alleged offense committed." (*Habeas Corpus Petition*, doc. #1, filed June 19, 2009 [hereinafter *Petition*], pg. 7).

1. Exhaustion

Before a federal court may evaluate the merits of a habeas corpus claim, a habeas corpus petitioner must have first presented the claim to the state courts. 28 U.S.C. § 2254(b)(1). A petitioner exhausts a claim if he makes essentially the same argument before the federal court as he made before the state court. *Duncan v. Henry*, 513 U.S. 364, 370 n. 1, 115 S.Ct. 887, 890 n. 1, 130 L.Ed.2d 865 (1995). If the petitioner has not already presented the claims to the state court, then the claim is considered unexhausted. The federal court may refuse to address the merits of the claims and deny them on the sole ground of failure to exhaust. 28 U.S.C. § 2254(b)(1), (2). If a petitioner "fails to exhaust available state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would find the claims procedurally barred," then the claim is procedurally defaulted. *Jones v. Jones*, 163 F.3d 285, 296 (5th Cir. 1998).

The Texas abuse of the writ doctrine prohibits a prisoner from challenging, via state habeas corpus application, a conviction more than once. Tex. Code Crim. Proc. Ann. art. 11.07 § 4.

In this case, the only argument petitioner presented to the Texas Court of Criminal Appeals in his state habeas corpus application was that the trial court "should have ordered a psychiatric examination of the defendant, not only to establish if defendant was competent to understand court proceedings, but also if at the time of the offense committed was defendant [sic] mentally competent." (SHCR, pg. 10). In his federal petition, petitioner presents the same claim.

Review of the Clerk's Record establishes petitioner's trial attorney filed a "Motion for Examination Regarding Insanity" and a "Motion for Examination Regarding Incompetency." (CR, pgs. 28-31). The Court granted the motion and ordered petitioner be examined by a Dr. Jenkins to determine whether petitioner was competent. (*Id.*, pg. 34). The order indicates the time, date, and location of the examination.[1] (*Id.*). Therefore, petitioner's argument that the trial court should have ordered a psychiatric examination is without merit, as the trial court plainly did order a psychiatric examination.

In his brief supporting his federal habeas corpus petition, petitioner actually speaks of the examination by Dr. Jenkins but complains it was insufficient. (*Brief in Support*, pgs. 21-23). Petitioner additionally states that prior to the guilty plea hearing, he had a reaction to his psychiatric medications and had been taken off of those medications. Petitioner states he was "detoxing" at the time of the plea and "was incapable of forming an intent to accept the plea willingly." (*Id.*, pg. 20). These arguments were not presented during state habeas proceedings and are presented

---

[1] Attached to the State's response to Cooper's state habeas corpus application is the affidavit of petitioner's trial attorney. (SHCR, pg. 26). In the affidavit, the attorney states petitioner was examined by Dr. Jenkins, who determined "Mr. Cooper was clearly competent to stand trial." (*Id.*, pg. 27).

only in petitioner's federal habeas corpus petition. Review of petitioner Cooper's state habeas corpus application confirms these arguments are not similar to any argument petitioner made to the highest state court. Whether the trial judge issued an order is an entirely different matter from whether petitioner received an adequate psychiatric examination or whether he was taking necessary medications at the time of the plea hearing. The argument petitioner made before the state courts attacked potential trial court error while the argument petitioner now makes deals with his competency to plead. Therefore, these arguments are not exhausted, and this Court could recommend denial of the arguments without addressing their merits. *See* 28 U.S.C. § 2254(b)(1). Additionally, under the Texas abuse of writ doctrine, petitioner is procedurally prohibited from bringing another state habeas corpus application raising this issue. *See* Tex. Code Crim. Proc. Ann. art. 11.07 § 4. Thus, the additional claims regarding petitioner's mental state at the time of the plea hearing that petitioner Cooper sets forth in his many pleadings before this Court are procedurally defaulted. *See Jones*, 163 F.3d at 296.

In sum, petitioner only properly exhausted the argument that the trial judge improperly failed to order a mental competency examination. That argument is without merit because the trial judge did order such an examination. All other arguments are unexhausted.

## 2. Competency

Even if the Court were able to address the issue of whether petitioner was competent at the time of his guilty plea, petitioner had not shown the state trial court was incorrect in its determination he was competent. A defendant in a criminal trial must have the capacity (i) to understand the proceedings against him and (ii) to assist counsel in his defense. *Godinez v. Moran*, 509 U.S. 389, 401, 113 S.Ct. 2680, 2688, 125 L.Ed.2d 321 (1993). A person who cannot perform

such mental tasks is incompetent, and his conviction violates the Due Process Clause. *Pate v. Robinson*, 383 U.S. 375, 378, 86 S.Ct. 836, 838, 15 L.Ed.2d 815 (1966). This is so even when the defendant pleads guilty. *Moran*, 509 U.S. at 401, 113 S.Ct. at 2688. A convicted person may later challenge his competence to have entered the guilty plea. In federal habeas corpus cases where the issue is raised, however, the burden of proving a petitioner was incompetent at the time he entered a guilty plea is a heavy one. *DeVille v. Whitley*, 21 F.3d 654, 656 (5th Cir. 1994). A finding of competency by the state court is presumed to be correct. *Id.*

In this case, the trial court ordered a mental examination. The results of that examination are not contained in the record before this Court. The affidavit of petitioner's trial attorney indicates, however, petitioner underwent the examination and the doctor found petitioner competent. (*In re Cooper*, WR-71,548-01, State Habeas Corpus Record [hereinafter SHCR], pgs. 26-27). Petitioner himself never contradicts that the examination was performed and he was determined competent; he instead complains of the adequacy of the examination and the motivations of the doctor. (*Brief*, pg. 16; *Petitioner's Supplemental Memorandum of Law in Response to Respondent's Supplemental Answer*, doc. # 70, filed Dec. 29, 2010 [hereinafter *Supplemental Response*], pgs. 16-17). At the guilty plea hearing, petitioner Cooper appears to have understood the proceedings against him. He likewise appears to have been able to assist his attorney in his defense, as he asked to continue the plea bargaining process with the prosecutor and, according to the record, did so. (RR, pgs. 6-7). Cooper signed a statement "I am now mentally competent to stand trial and I was sane at the time of the commission of the offense to which I have ple[d]." (CR, pg. 47). The trial court likewise signed a statement that "[i]t appeared to the Court that Defendant was mentally competent to stand trial." (*Id.*, pg. 53).

Petitioner has sent in over two hundred pages of his medical records to this Court. (Petitioner's Response to Respondent's Answer, doc. # 21, filed Oct. 8, 2009, [hereinafter *Response*], Attached Exhibits). The Court has reviewed those records, which establish that although petitioner complained of schizophrenia at least one of his doctors found that there was "no evidence of this" and that other reports mentioning the possible schizophrenia were "not convincing." (*Id.*, doc. 21-7, pg. 2). Other records indicate that although petitioner was addicted to cocaine, any schizophrenia he had was stable. (*Id.*, doc. 21-8, pg. 1).

In his several hundred pages of filings, the Court has not located a single professional examination of petitioner around the time of his guilty plea or the time of the offense. If petitioner has any mental disease, he has not established the disease was present at the time of the offense or at the time of the guilty plea. A doctor apparently found he was competent. Petitioner swore in open court, via signature, he was competent, and the trial court found he was competent. The state court's finding of competence in combination with petitioner's own sworn statement are of significant weight. *See United States v. Navejar*, 963 F.2d 732, 734 (5th Cir. 1992) (holding "[s]olemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is inadequate to challenge such declarations.") (internal citations omitted). This Court must presume the state court's determination was correct, and petitioner has presented nothing to convince this Court otherwise. Petitioner has not overcome his heavy burden of showing he was incompetent at the time he entered his plea. *See DeVille v. Whitley*, 21 F.3d at 656. Petitioner's third point of error is without merit.

### B. Ineffective Assistance of Counsel

In his fourth point of error, petitioner avers his trial attorney coerced him into entering the

guilty plea. He states his attorney "took advantage of the appellants [sic] mental impairment and gave him bad advice in order to get him to plead guilty." (*Brief*, pg. 8). Petitioner represents to this Court that his attorney stated his legal assistance would only extend to getting petitioner a plea bargain, and the attorney refused to investigate the facts of the case or of petitioner's history of mental illness. (*Response*, pg. 32). According to petitioner, his attorney and the prosecutor acted in "conspiratorial conspiracy" to compel him, while he was in a "mental state of duress" to sign the plea agreement. (*Id.*, pg. 38). Petitioner also states he was left alone with the prosecutor during the plea hearing. (*Id.*, pg. 23; *Supplemental Response*, pgs. 6-7).

The main concern in guilty plea cases is whether the plea was a voluntary and intelligent act of the defendant. *McMann v. Richardson*, 397 U.S. 759, 772, 90 S.Ct. 1441, 1449, 25 L.Ed.2d 763 (1970). "[A] plea of guilty in a state court is not subject to collateral attack in a federal court on the ground that it was motivated by a coerced confession unless the defendant was incompetently advised by his attorney." *Id.* In making such a claim, a federal habeas corpus petitioner must rely on something more than his own conclusory statements. Conclusory allegations in support of a claim of ineffectiveness of counsel, unsupported by any specific facts, do not merit federal habeas relief. *Ross v. Estelle*, 694 F.2d 1008, 1011-12 (5th Cir. 1983).

> Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his pro se petition (in state and federal court), unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value . . . Mere conclusory allegations do not raise a constitutional issue in a habeas proceeding.

*Id.*

In this case, petitioner offers nothing more than conclusory statements, unsupported by the record, that he was coerced into entering the plea agreement. Petitioner states his attorney gave him bad advice, but never details what the bad advice was. He states his attorney refused to recognize

petitioner's history of mental illness, but the record shows his attorney filed a motion for an examination regarding insanity and a motion for an examination regarding incompetency. (CR, pgs. 28-33). He contends his attorney left him alone with the prosecutor, but the record indicates his attorney was present during all interactions petitioner had with the prosecutor. (RR, pg 7).

Most importantly, however, is the fact that the only complaint Cooper raised at the state court level was that his attorney "coerced him, [sic] into an unsuiteable [sic] and illegal plea sentence. [sic] While knowing full well defendant was mentally impaired during the hearing proceeding's [sic]." (SHCR, pg. 11). In his state habeas corpus application, petitioner did not give further detail or make the several additional allegations he makes before this Court regarding the attorney's representation during the plea process. Most of the arguments contained in his pleadings to this Court, therefore, are not exhausted because he never presented them to the state court. *See Duncan*, 512 U.S. at 370 n. 1, 115 S.Ct. at 890 n. 1. As such, those claims are procedurally barred. *See Jones*, 163 F.3d at 296; Tex. Code Crim. Proc. Ann. art. 11.07 § 4. The Court need not make a determination on the merits of those claims. *See* 28 U.S.C. § 2254(b)(1).

Inasmuch as his one exhausted claim, i.e. his attorney coerced him in the plea agreement, is concerned, that claim is conclusory and unsupported by any specific facts. As such, it does not merit federal habeas corpus relief. *See Ross*, 964 F.2d at 1011-12. The Texas Court of Criminal Appeals did not make an unreasonable determination of facts in concluding this argument was without merit. Petitioner's fourth point of error must fail.

## V.
## RECOMMENDATION

In his third and fourth points of error, petitioner has failed to present any meritorious claim warranting federal habeas corpus relief. Therefore, it is the RECOMMENDATION of the United

States Magistrate Judge to the United States District Judge that the third and fourth points of the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner EARL DANIEL COOPER be DENIED.

VI.
INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 20th day of January, 2011.

*signature*
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

\* **NOTICE OF RIGHT TO OBJECT** \*

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).